# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                :         Case No. 3:09-cr-158
                                         Also Case No. 3:12-cv-013

                                         District Judge Thomas M. Rose
    -vs-                                    Magistrate Judge Michael R. Merz

                                         :

ANTHONY STARGELL,

      Defendant.

# REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Anthony Stargell's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 53).

Mr. Stargell was indicted by the grand jury for this District for possession with intent to distribute in excess of five grams of cocaine base (crack)(Count One), possession with intent to distribute in excess of five hundred grams of cocaine (Count Two), possession of heroin (Count Three), possession of a firearm in connection with a drug trafficking crime (Count Four), and two counts of being in possession of a firearm after having been convicted of a felony (Counts Five and Six)(First Superseding Indictment, Doc. No. 10). Pursuant to a Plea Agreement (Doc. No. 41), Stargell pled guilty to Counts One, Two, and Four in the superseding indictment (Doc. No. 42). On January 11, 2011, he was sentenced to sixty months each on Counts One, Two, and Four, with the first two terms to be served concurrently and the last term to be served consecutively, for an aggregate term of ten years' imprisonment (Doc. Nos. 44, 45). Stargell took no appeal, but then filed this § 2255 Motion. He pleads the following Grounds for Relief:

1

> **Ground One:** The District Court committed legal error/ineffective assistance of counsel for his failure to object to the admission of evidence.
>
> **Ground Two:** Counsel rendered ineffective assistance when he failed to object to the insufficient evidence presented by the Government.
>
> **Ground Three:** Improper denial of motion to suppress.
>
> **Ground Four:** Improper denial of motion to suppress.
>
> **Ground Five:** Stale information.
>
> **Ground Six:** Sentencing ineffectiveness.
>
> **Ground Seven:** The July 30, 2009, search warrant.

(Motion, Doc. No. 53, passim.)

Rule 4(b) of the Rules Governing § 2255 Motions provides "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In this Court all collateral attacks on criminal judgments are referred to a magistrate judge for all purposes prior to entry of judgment.

**Fourth Amendment Claims**

In part of his First Ground for Relief and in his Third, Fourth, Fifth, and Seventh Grounds for Relief, Defendant asserts that the evidence which would have been used against him at trial was obtained by violation of his Fourth Amendment rights. In part of Ground One he argues he received ineffective assistance of trial counsel in asserting these Fourth Amendment claims.

This case did not go to trial. Rather, Defendant pleaded guilty pursuant to a negotiated written Plea Agreement. By doing so, he waived all antecedent constitutional violations, including

2

those of the Fourth Amendment.

By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Defendant could have obtained appellate review of his Fourth Amendment claims either by standing trial after losing on his Motion to Suppress or by negotiating a no contest plea, which would have preserved those claims. Instead he chose voluntarily to plead guilty in return for the benefits he received from the Plea Agreement. By doing so, he waived the Fourth Amendment claims he makes in the instant Motion.

## Ineffective Assistance of Counsel

In his Second Ground for Relief, Stargell asserts he received ineffective assistance of trial counsel when his counsel failed to object that the Government had presented insufficient evidence to convict him of possession of the firearm associated with Count Four. In Ground Six he claims he received ineffective assistance of trial counsel at sentencing.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* ___ U.S. ___, ___, 130 S.Ct. 2250, 2255 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011). *See generally* Annotation, 26 ALR Fed 218.

With respect to Ground Two, the Government did not present any evidence that Mr. Stargell was in possession of any firearms because the case did not go to trial. Instead, he pled guilty to Count Four. The Statement of Facts attached to the Plea Agreement states in relevant part "[o]n or about July 30, 2009, ... Stargell also possessed two operable firearms and ammunition he used to protect his drugs and drug proceeds." (Doc. No. 41, PageID 503.) Thus there was no evidence presented, but rather Mr. Stargell's admission of the relevant and sufficient facts to ground a conviction on Ground Four.

With respect to Ground Six, Stargell asserts his attorney did not perform professionally with respect to the amount of drugs found by the Court "and such failure was prejudicial." (Motion, Doc. No. 53, PageID 581.) Essentially Defendant claims it was error to include the 240 grams of creatine mixed with the 389 grams of powder cocaine which were seized. Had the Court excluded the creatine, Defendant contends, the base offense level would have been 78 to 97 months in prison. "This fact, when examined in conjunction with Petitioner's sentence under Count Two (a 60-month

5

prison term), means that because of counsels' error Petitioner received upwards of 27 additional months in prison." *Id.* at 584.

This argument runs afoul of Mr. Stargell's admission in the Statement of Facts that "[o]n or about July 30, 2009, Anthony Stargell possessed approximately 629 grams of cocaine. . ." (Doc. No. 41, PageID 503.) Furthermore, the entire sentence on Count One was run concurrent with the mandatory minimum sixty-month sentence on Count Two. Because of the mandatory minimum on Count Two, Defendant would serve sixty months for the drug possession, even if Count One were eliminated in its entirety. Thus there is no prejudice from failure to make argument about creatine, even if it has merit.

**Waiver of Right to File**

Apart from the foregoing analysis, Mr. Stargell has waived altogether his right to seek relief by way of a Motion to Vacate, at least as to claims other than ineffective assistance of trial counsel. The Plea Agreement provides in pertinent part:

> **LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK**
>
> 6. Defendant waives his right to appeal the sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the sentence collaterally through postconviction proceeding, including a proceeding under 28 U.S.C. § 2255. Notwithstanding the foregoing, Defendant retains any right to appeal his sentence if the United States appeals the sentence, or if the Court imposes a sentence above the statutory maximum. Defendant further retains any right to challenge his sentence based on a claim of ineffective assistance of counselor prosecutorial misconduct.

(Doc. No. 41, PageID 500.)

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied any requested certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 17, 2012.

                                                          s/ **Michael R. Merz**
                                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).