# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,            :         Case No. 3:09-cr-158
                                            Also Case No. 3:12-cv-013

                                            District Judge Thomas M. Rose
     -vs-                              Magistrate Judge Michael R. Merz
                                   :

ANTHONY STARGELL,

      Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Anthony Stargell's Objections (Doc. No. 56) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 54) recommending that Stargell's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 53) be denied. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Fourth Amendment Claims

In part of his First Ground for Relief and in his Third, Fourth, Fifth, and Seventh Grounds for Relief, Defendant asserts that the evidence which would have been used against him at trial was obtained by violation of his Fourth Amendment rights. In part of Ground One he argues he received ineffective assistance of trial counsel in asserting these Fourth Amendment claims.

The Report concluded these Fourth Amendment claims were waived by Defendant's guilty

plea. (Report, Doc. No. 54, citing principally *Tollett v. Henderson*, 411 U.S. 258 (1973).) Stargell objects, relying on *United States v. Rhodes*, 330 F.3d 949 (7th Cir. 2003). In *Rhodes*, the court held that an explicit waiver of appeal does not foreclose a claim that the plea should be vacated because it was involuntarily made or was made without the effective assistance of counsel. That is a correct statement of the law; indeed, *Tollett* holds much the same thing at the Supreme Court level. But Stargell has not sought to have his plea vacated either on grounds it was involuntary or made with ineffective assistance of counsel. Nowhere in his § 2255 Motion does he seek to withdraw from his Plea Agreement. And of course if his guilty plea were vacated, he would be subject to prosecution on all the dismissed counts and all of the admissions he made in the process of pleading guilty could be used against him (Plea Agreement, Doc. No. 41, PageID 499). Instead of the ten year sentence he is serving, he would be subject to up to eight years in prison just on the cocaine counts and life imprisonment on the firearms count, even if convicted on the counts he has already pled guilty to.

Stargell is correct that in his Plea Agreement he reserved the right to raise claims of ineffective assistance of counsel, but logically that cannot include claims of ineffective assistance as to anything which occurred before the guilty plea unless the guilty plea is vacated. As *Tollett* holds, a guilty plea is a break in the chain of events, it makes irrelevant any constitutional violations which occurred before it, because it constitutes an admission of the crimes charged. In other words, it doesn't matter if it was ineffective assistance to fail to pursue a motion to suppress once a defendant has admitted his guilt of the crimes the hypothetically suppressed evidence would have proved. Once a defendant has admitted his guilt, the government no longer needs to prove anything with the evidence it seized and it does not matter whether that evidence was seized illegally.

The Report noted that Stargell could have preserved his Fourth Amendment claims either by standing trial or negotiating a no contest plea. Stargell objects that the United States Attorney might not have agreed to a no contest plea and therefore obtaining such a plea was not exclusively

2

in his control. That is certainly correct – such a plea would have had to be negotiated and such negotiations might have been unsuccessful. The point is that a guilty plea does not preserve Fourth Amendment issues for appeal or collateral attack in the way that a no contest plea would.

**Ineffective Assistance of Counsel (Ground Two)**

In his Second Ground for Relief, Stargell asserts he received ineffective assistance of trial counsel when his counsel failed to object that the Government had presented insufficient evidence to convict him of possession of the firearm associated with Count Four.

The Report concluded this Ground for Relief did not state a proper claim because the government was not obliged to present any evidence, given that the Defendant pled guilty (Report, Doc. No. 54, PageID 598-599). That is, Stargell admitted possessing two operable firearms which he was using to protect drugs and drug proceeds. *Id.* at 599.

In his Objections, Stargell clarifies that his real claim is that his attorney did not, prior to the plea, object to "the evidence used to induce him into pleading guilty." (Objections, Doc. No. 56)

> This contention is supported by the fact that counsel knew that Mr. Stargell did not possess a firearm, neither did the police officer's report seeing Petitioner remove, discard or in possession of a firearm at any time (See, Suppression Hearing Tr. at 151). Therefore, according to the law of this Circuit, counsel was ineffective under *United States v. Bailey*, 553 F.3d 940 (6th Cir. 2009).

(Objections, Doc. No. 56, PageID 607-608.) Stargell's objection is belied by the record. In fact, at the referenced point in the Suppression Hearing Transcript, Stargell's attorney is examining the police officer who apprehended Stargell about the firearm which he heard "clanking" when it fell. The question of whether the seized evidence should be suppressed was extensively litigated by Stargell's counsel, both on the record in the hearing on the Motion to Suppress and later in briefing that Motion (See Doc. No. 36).

3

*United States v. Bailey*, 553 F.3d 940 (6th Cir. 2009)(en banc), is not an ineffective assistance of trial counsel case. Rather, in that case, the Sixth Circuit held that certain facts regarding a firearm were not sufficient evidence to establish possession of the firearm. Thus as the Magistrate Judge understands it, Stargell's claim is that there would have been insufficient evidence to convict him of firearm possession under *Bailey* had the case proceeded to trial, but his lawyer did not advise him of *Bailey* and if he had, Stargell would have insisted on going to trial instead of pleading guilty.

Stargell's argument is not persuasive. In the Statement of Facts attached to the Plea Agreement, Stargell admitted that 848 South Euclid in Dayton was his residence and that at that residence on July 30, 2009, he "possessed approximately 629 grams of cocaine, 16.59 grams of crack cocaine, and approximately $12,390 in drug proceeds . . . and "two operable firearms which he used to protect his drugs and drug proceeds." (Doc. No. 41, PageID 503.) These are far different facts from *Bailey* where the Sixth Circuit held that mere presence in a car and physical proximity to a gun in the car is insufficient proof of constructive possession of the weapon. Even the facts testified to at the motion to suppress hearing are far stronger proof of firearm possession than those recited in the opinion in *Bailey* and would have been sufficient to convict Stargell. Therefore it was not ineffective assistance of trial counsel to fail to advise Stargell to stand trial.

**Ineffective Assistance at Sentencing (Ground Six)**

In the Statement of Facts attached to the Plea Agreement, Stargell admitted possessing 629 grams of powder cocaine. He now says that 240 grams of that was creatine, that under controlling law the creatine cannot be counted, and that without the creatine his Guideline Sentencing range would have been 37-46 months on Count One. Therefore, he says, it was ineffective assistance of trial counsel to fail to object to including the creatine.

4

As Stargell admits in his § 2255 Motion, § 2D1.1 of the Guidelines provides that the weight of a controlled substance in the drug quantity table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. In this case Stargell argues the creatine should not be counted because it is the "functional equivalent" of a package. He relies on *Chapman v. United States*, 500 U.S. 453 (1991), where the Court held that the blotting paper on which LSD was customarily distributed was to be included in the weight. Stargell offers to produce an expert who will testify that creatine is not a standard cutting agent. "Furthermore, the creatine did not facilitate the distribution of the cocaine. To the contrary, it had to be hidden by being compressed with the cocaine from the view of a prospective buyer." In other words, the creatine enabled the seller to obtain more profit from the sale of cocaine than if it had been sold pure to the buyer. And unlike the buyer of LSD on blotter paper, the buyer could not tell that he was getting some creatine with his or her cocaine. Just to recite the argument refutes it. If blotter paper is to be weighed with LSD, there was no error in weighing the creatine with the cocaine.

The Report, however, assumed *arguendo* that it was deficient performance to fail to make this argument. The Report concluded Stargell still had not established ineffective assistance of trial counsel because he suffered no prejudice: his sentence on the powder cocaine count was concurrent with his mandatory minimum five year sentence on the crack cocaine count. Thus there was no additional jail time, even if it had been ineffective assistance of trial counsel to fail to object to weighing in the creatine, which it was not.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the § 2255 Motion be dismissed with prejudice. Reasonable jurists would not disagree with this conclusion and

5

Petitioner should therefore be denied a certificate of appealability and the Court should certify that any appeal is not taken in objective good faith.

February 25, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).